UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YANCEY LAMARR WHITE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:04CV1736 HEA |
| | ) (FRB) |
| LIEUTENANT NEIL, | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court, <u>sua sponte</u>, upon review of the file. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On December 13, 2004, <u>pro se</u> petitioner Yancey Lamarr White brought this habeas corpus action pursuant to 28 U.S.C. § 2241 averring that he was federal prisoner serving a sentence imposed upon him from a 1996 conviction obtained in the United States District Court, Southern District of Illinois, and was currently being illegally detained at the Jennings Correctional Facility in Jennings, Missouri.

On May 26, 2005, after having been informed by the United States Marshal that as of April 1, 2005, petitioner was no longer in the custody of the Bureau of Prisons, this Court ordered petitioner to show cause not later than June 6, 2005, why his release from the Bureau of Prisons did not render moot the claims raised in the instant petition and the relief sought therefor. A copy of this Order, as well as a copy of another Order entered that same date,

were mailed by the Clerk of Court to petitioner at his last known address of record, and specifically, at the Jennings Correctional Facility. On June 1, 2005, these Orders were returned to the Court by mail with the following notation on each return envelope: "Return to Sender, Inmate is No Longer at this Facility."

In an Order entered June 6, 2005, this Court noted the returned mail and, invoking Local Rule 2.06(B),[1] ordered petitioner to notify the Court, in writing, of his new address not later than July 1, 2005. Petitioner was cautioned that failure to comply with the Order could result in the dismissal of this cause for failure to prosecute and for failure to comply with Local Rule 2.06(B).[2] To date, petitioner has failed to notify the Court of his new address. Nor has petitioner submitted any response to the Court's Orders of May 26 and June 6, 2005.

Under Local Rule 2.06(B),

> Every pro se party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address. If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of

---

[1] Pursuant to Local Rule 2.06(B), an action may be dismissed without prejudice "[i]f any mail to a pro se . . . petitioner is returned to the Court without a forwarding address and the pro se . . . petitioner does not notify the Court of the change of address within thirty (30) days . . . ."

[2] A review of the file shows the copy of this Order mailed to petitioner at his last known address of record was returned to the Court on June 13, 2005, without a forwarding address and with the following notation: "Return to Sender. No longer here!"

- 2 -

>     address within thirty (30) days, the Court may,
>     without further notice, dismiss the action
>     without prejudice.

In this cause, mail to this pro se petitioner was returned to the Court on June 1, 2005, without a forwarding address. Inasmuch as petitioner has failed to notify the Court of his change of address within thirty days of the returned receipt of mail, this cause should be dismissed without prejudice pursuant to Local Rule 2.06(B).[3]

Accordingly,

**IT IS HEREBY RECOMMENDED** that this cause be dismissed without prejudice for petitioner's failure to comply with Rule 2.06(B) of the Local Rules of this Court.

**IT IS FURTHER RECOMMENDED** that all motions which remain pending in this cause be denied as moot and without prejudice.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                  /s/ Frederick R. Buckles
                                        UNITED STATES MAGISTRATE JUDGE

Dated this _8th_ day of July, 2005.

---

[3] Although not required by the Local Rule, this Court provided petitioner with notice that his failure to comply with Local Rule 2.06(B) may result in the dismissal of this cause without prejudice.